**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

SEP 30 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GAMAL MOUSTAFA IBRAHIM, | No. 12-70673 |
| Petitioner, | Agency No. A095-697-157 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 24, 2013[**]

Before:    RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Gamal Moustafa Ibrahim, a native and citizen of Egypt, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  We have

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Ibrahim's inconsistent testimony regarding when he signed the online petition that he alleges caused police to question his son. *See id.* at 1046-47 ("Although inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight."); *Don v. Gonzales*, 476 F.3d 738, 741-42 (9th Cir. 2007) (upholding an adverse credibility finding where inconsistent evidence was submitted regarding a crucial date upon which the alien predicated his claim). We reject Ibrahim's contention that he was not given an opportunity to explain the inconsistency. *See Rizk v. Holder*, 629 F.3d 1083, 1090 (9th Cir. 2011). Substantial evidence also supports the agency's finding that Ibrahim's lack of candor regarding his declaration reflected negatively on his credibility. *See Shrestha*, 590 F.3d at 1044 (under the REAL ID Act, an immigration judge may rely on any relevant factor in assessing the "totality of the circumstances"). In the absence of credible testimony,

Ibrahim's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Ibrahim's CAT claim also fails because it is based on the same testimony found not credible, and he does not point to any other evidence that shows it is more likely than not he would be tortured if returned to Egypt. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**